UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Dillon M. Chihuly, as Assignee of Solacium
Holdings, LLC and NVW Newco, LLC

    Plaintiff,

v.

RSC Insurance Brokerage, Inc. d/b/a Risk
Strategies Company, and
Beazley USA Services, Inc.,

    Defendants.

Case No: _____

## COMPLAINT

TO:    DEFENDANTS ABOVE-NAMED:

For his Complaint, Plaintiff Dillon M. Chihuly ("Chihuly" or "Plaintiff"), as Assignee of Solacium Holdings, LLC ("Solacium") and NVW Newco, LLC, d/b/a New Vision Wilderness Therapy ("NVW"), hereby states and alleges as follows:

### INTRODUCTION

This case arises from RSC Insurance Brokerage, Inc. d/b/a Risk Strategies Company, and Beazley USA Services, Inc (collectively "Defendants") mishandling of claims and wrongful denial of insurance coverage related to catastrophic injuries suffered by Chihuly while attending an outdoor wilderness therapy program as a result of the negligent and reckless management by NVW, an affiliate of Solacium. The damages caused to Chihuly due to NVW's negligent actions resulted in Chihuly being awarded a judgment in the amount of Ten Million Dollars ($10,000,000.00) against NVW. Defendants RSC Insurance Brokerage d/b/a Risk Strategies Company ("Risk Strategies") failed to meet its obligation to timely report the claim or otherwise

advise NVW and Solacium of the claim reporting requirements pursuant to the terms of the excess insurance policies provided by Beazley USA Services, Inc. ("Beazley"), resulting in Beazley denying coverage of the claim causing substantial financial liability for NVW. Defendants also negligently failed to procure and administer the insurance coverage necessary to protect NVW and Solacium from liability, breached their contractual obligations and the doctrine of promissory estoppel, acted in bad faith by unjustifiably denying coverage, and unjustly enriched themselves by retaining premiums without fulfilling their obligations. As a result, Chihuly, as assignee of NVW and Solacium, seeks compensatory damages, punitive damages where applicable, and other relief as permitted by law to rectify Defendants' wrongful conduct.

## PARTIES

1. Chihuly is a citizen of the United States and a resident of the State of Alaska. Chihuly is the assignee of Solacium and brings this action on behalf of Solacium and NVW.

2. Risk Strategies is a corporation organized under the laws of Delaware with its principal place of business located at 160 Federal St, 4th Floor, Boston, MA, 02110. Risk Strategies is registered to do business in the State of Wisconsin and provides insurance brokerage and risk management services nationwide, including for Solacium's operations as New Vision Wilderness in Medford, Wisconsin.

3. Beazley is a foreign corporation licensed to do business in the State of Wisconsin, with its principal office located at 65 Memorial Road Suite 320, West Hartford, CT 06107. Beazley underwrites and administers insurance policies, including excess and specialty insurance policies issued to Solacium and thereby NVW. Beazley regularly conducts business in Wisconsin, including administering policies that provide coverage for businesses operating in Medford, Wisconsin.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

5. This Court has personal jurisdiction over Defendants because they transact business in Wisconsin, including but not limited to procuring, administering, and issuing insurance policies covering businesses operating in Wisconsin, including Solacium's operations as New Vision Wilderness in Medford, Wisconsin.

6. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b)(2) as the events and omissions giving rise to the claims which are the subject of this action occurred within this District.

## FACTUAL ALLEGATIONS

### The Insurance Policies and Coverage Obligations

7. On or prior to June 15, 2018, Solacium retained the services of Krauter & Company, LLC ("Krauter"), a predecessor to Risk Strategies, to act as its insurance broker and general risk management consultant for itself and its affiliate entities, including NVW.

8. In 2018, Solacium worked through Krauter as its insurance broker to acquire various insurance policies to provide necessary protections for its business operations, which extended coverage to Solacium affiliate entities, such as NVW, as additional insureds under those policies. These included policies issued by Admiral Insurance Company ("Admiral") and Beazley.

9. Admiral issued Solacium, and NVW as an additional insured, a General Liability Insurance Policy, Policy No. CO000003881-01, effective June 15, 2018 through June 15, 2019,

with limits of liability as follows: Professional Liability - $1,000,000 each claim, $3,000,000 aggregate; Commercial General Liability – $1,000,000 each occurrence, $3,000,000 general aggregate ("the Primary Policy").

10. At all times relevant herein, both Solacium and NVW were insured under the Primary Policy issued by Admiral.

11. Beazley, on behalf of Syndicates 2623/623 at Lloyd's, issued Solacium an excess liability policy, Policy No. W23780180101, effective June 15, 2018 through June 15, 2019, with limits of liability of $5,000,000 ("the Excess Policy").

12. The Excess Policy's definition of "primary policies" listed in its schedule of underlying insurance includes the Admiral Insurance Company Policy No. CO000003881-01.

13. The Excess Policy includes within the definition of "insured" all entities insured under the "primary policy".

14. At all times relevant herein, both Solacium and NVW were insured entities under the Excess Policy.

15. Both the Admiral Primary Policy and the Beazley Excess Policy operated on a claims-made-and-reported basis.

16. The Beazley policy required potential claims to be reported within the policy period, which spanned June 15, 2018, to June 15, 2019, or within an applicable extended reporting period subject to notice and an additional premium payment.

17. Beazley and Admiral were obligated to provide for the defense and indemnification of covered claims, including litigation costs, settlements, and judgments, subject to policy terms and conditions with Admiral providing initial coverage under the Primary Policy and Beazley

providing additional coverage for any amounts exceeding the Primary Policy limits under the Excess Policy.

18. Both the Primary Policy and the Excess Policy were brokered by Risk Strategies, through its predecessor Krauter, on behalf of Solacium and NVW.

**The Underlying Lawsuit and Assignment of Claims**

19. In early 2019, Chihuly, then a minor, was enrolled by his parents into a wilderness therapy camp operated by NVW, an affiliate of Solacium.

20. Between the approximate dates of April 1, 2019 and May 31, 2019, while at the camp and under the care of NVW, Chihuly began experiencing various medical symptoms including but not limited to stomach pain, difficulty eating, extreme exhaustion, lethargy, low pulse, shortness of breath, and lower body temperature, which persisted and continued to worsen over that period of time.

21. During that same period of time, NVW staff failed to properly care for Chihuly ignoring his deteriorating health condition and failed to follow reasonable protocol to properly treat Chihuly's medication condition while in their care.

22. On or about May 21, 2019, NVW staff found Chihuly unresponsive and contacted paramedics who arrived at the scene and measured Chihuly's vitals recording a core body temperature of 87 degrees Fahrenheit and a blood glucose greater than 500 mg/dl.

23. Chihuly was immediately rushed to a nearby emergency room, medically evacuated to Marshfield Medical Center, and brought to the Pediatric Intensive Care Unit in a coma where it was determined Chihuly was suffering from diabetic ketoacidosis, severe hypothermia, coagulation secondary to hypothermia, shock, and a coma; he also tested positive for giardia with unexplained contusions/cuts on his knuckles, back of his head, his hip, and his calves..

24. The negligent conduct of NVW staff in 2019 caused and will continue to cause Chihuly to suffer mental anguish, pain and suffering, emotional distress, and to incur and continue to incur ongoing medical expenses to treat his injuries throughout his lifetime.

25. On or about May 22, 2019, Krauter received notice from NVW/Solacium that Chihuly was found unresponsive while under the care of NVW and immediately rushed to a medical facility where he was admitted to intensive care in a coma.

26. Within two days of learning of Chihuly's medical emergency while under NVW care, Krauter notified Admiral Insurance Company requesting a claim be set up. Krauter did not immediately notify Beazley.

27. Chihuly turned 18 years old on May 24, 2023.

28. On April 21, 2025, Chihuly filed suit in the United States District Court for the Western District of Wisconsin captioned *Dillon M. Chihuly, v. NVW NEWCO, LLC, d/b/a New Vision Wilderness Therapy, Case No. 25-CV-00308* ("Chihuly Lawsuit"), alleging claims of negligence, gross negligence/reckless disregard, reckless infliction of emotional distress, and negligent hiring, training and supervision.

29. Chihuly obtained an Order for Final Judgment against NVW in the amount of Ten Million Dollar ($10,000,000.00), which was signed by District Judge William M. Conley and filed into by the United States District Court for the Western District of Wisconsin on November 19, 2025.

30. Admiral paid its policy limits of $1,000,000 under the Primary Policy to Chihuly, leaving $9,000,000 unpaid and owing pursuant to the Judgment.

31. Beazley continued its denial of coverage under the Excess Policy asserting improper notice.

32. In addition to the payment of the Admiral Primary Policy Limits of $1,000,000, NVW and Solacium assigned to Chihuly all their rights, interests, and claims that they may have against Risk Strategies and/or Beazley relating to claims made in the Chihuly Lawsuit, the denial of coverage under the Excess Policy, and all damages suffered by NVW and Solacium relating thereto.

33. Dispute has arisen regarding Beazley's obligation to provide coverage under the Excess Policy and Risk Strategies' failure to properly advise and act on behalf of Solacium and NVW regarding the Excess Policy notice requirements or to otherwise fulfill its duty to provide proper notice to Beazley.

**Risk Strategies' Role and Failure to Provide Notice**

34. Risk Strategies, in its capacity as the insurance broker for Solacium and its affiliates, including NVW, was responsible for advising on appropriate coverage, timely reporting of claims, and compliance with policy obligations.

35. On May 23, 2019, Linda Wright ("Wright"), then managing director of Krauter, emailed Admiral Insurance Company with the subject line "Solacium Holdings Incident," notifying the company of the incident involving Chihuly and requesting a claim be set up and legal counsel assigned as soon as possible. She identified Norm Vitols, CFO of Solacium, as the primary contact for the claim.

36. Wright did not email Beazley or otherwise put Beazley on notice regarding the incident involving Chihuly in order to set up a claim.

37. Upon information and belief, Krauter was in the process of being acquired by Risk Strategies at the time of these communications. The acquisition was finalized in or around March 2019, making Krauter a part of Risk Strategies' Private Equity Practice Group.

38. On May 24, 2019, Wright sent another email, titled "Calo Incident," to members of the Risk Strategies team regarding the severity of the situation, mentioning potential criminal charges.

39. On May 28, 2019, Sara Wice ("Wice"), then General Counsel for Krauter, forwarded the Calo Incident email to Norm Vitols, advising that the situation did not appear to implicate D&O coverage at that time.

40. In the same email thread, Wice recommended submitting a notice of potential claim to the D&O carrier as a precaution in case a later claim was brought against the company or its Directors and/or Officers for wrongdoing and Wice reminded Vitols that Solacium's D&O policy was set to expire on June 1, 2019, emphasizing that any notice of a potential claim would need to be submitted before this expiration date to preserve coverage.

41. Later that same day, in response to Wice's recommendation, Vitols verified the factual summary and confirmed Wice should send notice to the D&O carrier.

42. On May 30, 2019, Wice sent an email to Vitols and other individuals providing a copy of the notice submitted to the D&O policy carrier by Risk Strategies on behalf of Solacium.

43. Wice did not recommend submitting notice of potential claim to Beazley under the Excess Policy.

44. Wice did not advise Vitol of the Excess Policy expiration date or any notice requirement necessary to preserve coverage under the Excess Policy.

45. Risk Strategies did not submit a notice of claim to Beazley prior to June 15, 2019, the expiration date of the Excess Policy.

46. Risk Strategies did not advise Solacium of its need to submit notice of claim regarding the Chihuly incident to Beazley prior to the Excess Policy's expiration date.

47. Risk Strategies' failure to submit timely notice to Beazley or otherwise advise Solacium regarding the notice requirements under the Excess Policy, caused Solacium and NVW to lose access to the Excess Policy coverage that was available under the policy during all relevant dates relating to the Chihuly incident.

**Beazley Denial of Coverage and Formal Notice to Risk Strategies**

48. On December 7, 2022, Beazley was officially notified of the Chihuly incident and potential claims relating to the liability of Solacium and NVW arising from the incident.

49. Following its receipt of notice Beazley denied coverage claiming notice was received after expiration of the Excess Policy period and any potential additional claim period.

50. Beazley issued a formal denial letter to Solacium auto-dated April 12, 2023, but the actual issuance date is estimated to have been between December 7, 2022, and March 31, 2023.

51. On March 31, 2023, Attorney Amanda Leffler, in her capacity as legal counsel representing Solacium and NVW, sent an email to Risk Strategies putting it on notice of Solacium and NVW's intent to pursue legal remedy against Risk Strategies related to its failure to provide notice to Beazley.

52. On September 26, 2023, Attorney Leffler sent formal letter to Risk Strategies advising of the claims available to Solacium and NVW against Risk Strategies relating to Risk Strategies failure to notify Beazley and requesting Risk Strategies participate in resolving Chihuly's claims against Solacium and NVW.

**Settlement Discussions and Ongoing Dispute**

53. On April 17, 2025, Salcium and NVW, as Assignors, and Chihuly, as Assignee, entered into an Assignment of Claims Agreement that included an assignment of all actual and potential claims Solacium and NVW may have against Beazley and Risk Strategies relating to the

9

denial of coverage under the Excess Policy for all coverage that would be available to Solacium and Risk Strategies relating to the Chihuly incident.

54. Per the assignment agreement, Solacium and NVW assigned to Chihuly any and all of its rights, interests, claims, counterclaims, and defenses that Solacium and NVW may assert against its insurer, Beazley, and its broker, Risk Strategies, regarding coverage, issuance, or handling of insurance issued to Solacium regarding the events and occurrences giving rise to the Chihuly Lawsuit.

55. Beazley and Risk Strategies continue to deny responsibility for their failures, compelling Chihuly, as assignee of Solacium and NVW, to seek legal recourse to recover the substantial damages resulting from their unlawful conduct as further set forth herein.

## CAUSES OF ACTION

## AS TO ALL DEFENDANTS

### COUNT I
### NEGLIGENCE – AGAINST RISK STRATEGIES

56. Chihuly, as assignee of Solacium and NVW, re-alleges and incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

57. Chihuly, within Solacium and NVW's right to assert claims against Risk Strategies, asserts a negligence claim against Risk Strategies for the financial harm caused by their failure to fulfill its professional duties.

58. Defendant Risk Strategies owed a duty of care to Solacium and NVW to properly advise, procure, and administer insurance coverage in relation to covered claims.

59. An insurance broker is bound to exercise reasonable skill and diligence in the transaction of the business entrusted to them and they will be responsible to their principal for any loss from their failure to do so.

60. Defendant Risk Strategies failed to exercise reasonable skill and diligence by not advising and procuring the necessary coverage for Solacium and NVW and failing to timely notify Beazley of the claim as required under the Excess Policy.

61. Where there is a general duty, even one that arises from a contract, and that duty is violated by negligent performance or nonperformance, breach of that duty may constitute actional negligence.

62. As a direct and proximate result of Risk Strategies' negligence, Solacium and NVW were unable to access the coverage available under the Excess Policy causing them to suffer financial losses, including defense costs, settlements, and other damages.

63. Chihuly, as assignee of Solacium and NVW, is entitled to recover all damages incurred due to Risk Strategies' negligence.

## COUNT II
## BREACH OF CONTRACT – AGAINST BOTH DEFENDANTS

64. Chihuly re-alleges and incorporates all preceding paragraphs of this Complaint.

65. Solacium entered into a contract with Risk Strategies, which obligated Defendant to broker and advise on insurance coverage for itself and its affiliates.

66. The insurance coverage brokered on behalf of Solacium and NVW included the Excess Policy provided by Beazley.

67. Solacium fulfilled all requisite conditions for coverage on behalf of itself and its affiliates pursuant to the terms of the insurance contract, including payment of premiums and proper submission of claims and notices.

68. Risk Strategies breached its contractual obligations by failing to send timely notice or otherwise advise Solacium and NVW of the Excess Policy notice requirements, resulting in denial of coverage.

69. As a direct and proximate result of Risk Strategies' breach of contract, Solacium and NVW were denied access to the coverage available under the Excess Policy causing them to suffer financial losses, including defense costs, settlements, and other damages

70. Additionally, Beazley had a contractual obligation to provide coverage for claims that fall within the insurance policy provided by Beazley and Admiral.

71. An insurer's failure to act promptly on claims and provide necessary coverage results in financial liability for the insured.

72. Beazley's failure to provide timely coverage and defense left Solacium and NVW exposed to significant litigation costs and damages that should have been covered under the Excess Policy.

73. As a direct and proximate result of Beazley's breach of contract, Solacium and NVW were denied rights to the coverage they had purchased from Beazley causing them to suffer financial losses, including unreimbursed defense costs, liability to Chihuly, and other damages.

74. Chihuly, as assignee of Solacium and NVW, is entitled to recover all damages incurred because of Defendants' breach of contract.

## COUNT III
## PROMISSORY ESTOPPEL- AGAINST RISK STRATEGIES

75. Chihuly re-alleges and incorporates all preceding paragraphs of this Complaint.

76. Risk Strategies made an unambiguous representation to Solacium that it would advise regarding insurance coverage requirements for Solacium and its affiliates and assist in sending timely notice to the insurance carriers of any claim arising under those policies.

77. In retaining the services of Risk Strategies to act as its insurance broker, Solacium relied on the promise that Risk Strategies would provide professional and competent representation in obtaining coverage and managing the claims process.

78. Upon notifying Risk Strategies of the Chihuly incident, Solacium and NVW reasonably relied on Risk Strategies to provide all necessary notices to the proper insurance carriers in accordance with the policy requirements and such reliance was clear and foreseeable by Risk Strategies.

79. Solacium and NVW's reliance on Risk Strategies fulfilling its promise and notifying the Excess Carrier or otherwise advising them of the notice requirements was to their detriment and Risk Strategies failure to fulfill its promise resulted in Beazley denying coverage under the Excess Policy.

80. Chihuly, as assignee of Solacium and NVW's claim against Risk Strategies, is entitled to recover damages caused by detrimental reliance on Risk Strategies' promise.

## COUNT IV
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING - AGAINST BOTH DEFENDANTS

81. Chihuly re-alleges and incorporates all preceding paragraphs of this Complaint.

82. Defendants had an implied duty of good faith and fair dealing in administering the insurance policies issued to Solacium covering Solacium and NVW.

83. Insurance contracts are interpreted to meet the reasonable expectations of the insured and the duty of good faith and fair dealing exists at all times.

84. Solacium, on behalf of itself and the additional insureds, reasonably expected coverage from Beazley when purchasing the Excess Policy and paying the premiums.

85. Solacium and NVW reasonably expected all necessary coverage would be available after notifying Risk Strategies of the Chihuly incident and requesting Risk Strategies notify the proper insurance carrier regarding the potential claim.

13

86. Beazley acted in bad faith by unreasonably denying coverage, failing to conduct a proper investigation, delaying payment, and refusing to indemnify despite clear policy obligations.

87. Beazley's wrongful refusal to provide coverage despite clear obligations under the policy constitutes bad faith.

88. Risk Strategies acted in bad faith by unreasonably failing to notify Beazley of the Chihuly incident at the same time it notified Admiral of the potential claim.

89. Risk Strategies' failure to notify Beazley of the potential claim despite clear direction from Solacium and proceeding with notification to Admiral constitutes bad faith.

90. As a direct and proximate result of Defendants' bad faith conduct, Solacium and NVW incurred substantial damages, including out-of-pocket defense costs, settlements, and other financial losses.

91. Chihuly, as assignee of Solacium and NVW, is entitled to recover damages caused by Defendants' breach of the duty of good faith and fair dealing, including consequential and punitive damages where applicable.

## COUNT V
## UNJUST ENRICHMENT – AGAINST BEAZLEY

92. Chihuly re-alleges and incorporates all preceding paragraphs of this Complaint.

93. Beazley received premium payments and other benefits from Solacium with the understanding that they would provide coverage and defense in accordance with the terms of the insurance policies.

94. Beazley failed to provide the promised coverage and defense yet retained the financial benefits of the premiums and fees paid by Solacium, thereby unjustly enriching themselves at Solacium's expense.

95. Beazley appreciated and accepted the benefit but failed to fulfill its obligations under the policy, creating an inequitable retention of funds.

96. Chihuly, as assignee of Solacium, seeks restitution for the amounts improperly retained by Beazley, along with any other equitable relief the Court deems appropriate.

### RELIEF

**WHEREFORE**, Chihuly, as assignee of Solacium and NVW, respectfully requests that this Court enter judgment in its favor and against each of the Defendants, jointly and severally, as follows:

1. An award of compensatory damages in an amount of Nine Million Dollars ($9,000,000.00);

2. An award of consequential and punitive damages where applicable;

3. Restitution for Defendants' unjust enrichment;

4. Prejudgment and post-judgment interest;

5. Attorneys' fees and costs as permitted by law; and

6. Any other relief as this Court deems just and proper.

**ECKBERG LAMMERS, P.C.**

Dated: 12.08.2025         By:   *s/Thomas R. Loonan*
                                               Thomas R. Loonan (1113023)
                                               Thomas J. Weidner (1082013)
                                               1809 Northwestern Avenue
                                               Stillwater, MN 55082
                                               (651) 439-2878
                                               tloonan@eckberglammers.com
                                               tweidner@eckberglammers.com

**ATTORNEYS FOR PLAINTIFF**